UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS HOLLAND,                                           Case No. 23-12058

      Plaintiff,                                        F. Kay Behm

v.                                                        United States District Judge

WELLS FARGO, *et al.*,

      Defendants.

_____ /

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2), DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF JURISDICTION (ECF No. 1), AND DENYING ALL OTHER MOTIONS AS MOOT (ECF Nos. 7, 9)**

**I.      INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiff Dennis Holland, proceeding *pro se*, filed a complaint against

Defendants Wells Fargo, "Federal Home Ln Mgt Corp," "Frank P. Dec. Esq,"

Mortgage Connect, LP, and Jose Gustavo Flores-Carrillo on August 14, 2023.  (ECF

No. 1).  Plaintiff also filed an application to proceed *in forma pauperis*, without

prepaying fees or costs ("IFP").  (ECF No. 2).  Plaintiff's claims arise out of a

dispute over a residence in Pontiac, Michigan belonging to Plaintiff's late wife.

(ECF No. 1, PageID.3).  This case was initially before District Judge Paul D. Borman,

but was reassigned to the undersigned on August 17, 2023.  On August 23, 2023,

the court issued an order for Plaintiff to show cause why this court has subject

1

matter jurisdiction over this matter.  (ECF No. 6).  The court specifically noted that

Plaintiff's complaint failed to detail how his case raised claims "arising under the

Constitution, laws, or treaties of the United States" and failed to establish

complete diversity of citizenship among the parties.  *Id.*, PageID.26-27.  Plaintiff

filed a response on September 6, 2023, within the time allotted.  (ECF No. 8).

However, Plaintiff's response fails to provide any additional information that

would support a finding that this court has subject matter jurisdiction over his

claims.  As such, while Plaintiff's application to proceed *in forma pauperis* is

**GRANTED,** the court **DISMISSES** Plaintiff's complaint.

## II.    ANALYSIS

Plaintiff filed his case in federal, not state, court.  Federal courts are courts

of limited jurisdiction and "have a duty to consider their subject matter

jurisdiction in regard to every case."  *Answers in Genesis of Kentucky, Inc. v.*

*Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).  Federal courts

generally may exercise jurisdiction over two types of cases: (1) those that "arise

under federal law" ("federal question jurisdiction"), and (2) those in which the

amount in controversy exceeds $75,000 and there is diversity of citizenship

among the parties ("diversity jurisdiction").  28 U.S.C. §§ 1331, 1332(a).  Under

the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it

lacks subject-matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

A.      Federal Question Jurisdiction

Federal question jurisdiction allows federal courts to exercise jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A complaint must satisfy the "well-pleaded complaint rule," which requires a federal question to be "presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff argues that each of the Defendants are being sued "for blatantly violating and/or conspiring to violate this Plaintiff's clearly established Federal Rights protected under Federal law."  (*See* ECF No. 1, PageID.6).  He now alleges that he brings this claim pursuant to the Federal Quiet Title Act, 28 U.S.C. § 2409a "based upon the clear and convincing exhibits attached to this Plaintiff's initial Complaint for Civil Action."  (ECF No. 8, PageID.36).  However, while the Federal Quiet Title Act deals with real property quiet title actions, it is limited to cases in which the United States is named as a party and claims an interest in the subject piece of property.  28 U.S.C. § 2409a ("The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a

security interest or water rights.").  Plaintiff currently names five Defendants:

Wells Fargo, the Federal Home Loan Management Corp. ("Freddie Mac"), Frank P.

Dec., Esq., Mortgage Connect, LP, and Jose Gustavo Flores-Carrillo.  (ECF No. 1,

PageID.2-3).  While Freddie Mac is loosely associated with the U.S. Government,

Plaintiff is not alleging that the United States has claimed or could claim any direct

interest in the property at issue.

Additionally, Plaintiff alleges that Defendants have violated and/or

conspired to violate his "clearly established Federal Constitutional Rights as set

forth in the herein Claims for Action as determined by the U.S. Supreme Court,"

specifically the First, Fifth, Sixth, and Fourteenth Amendments.  (ECF No. 1,

PageID.6).  However, again, it is not apparent how the non-state actors named as

Defendants could be liable for a federal constitutional violation.[1]  *See Henderson*

*v. Robinson*, No. 12-12228, 2014 WL 917305, at *4 (E.D. Mich. Mar. 10, 2014) ("A

complaint purporting to allege a violation of Constitutional rights against a non-

state actor does not state a substantial federal claim.").  Likewise, Plaintiff

currently fails to allege any facts on the face of his complaint that would

---

[1] Courts have previously held that Freddie Mac is not a government agency.  *See Am. Bankers Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 75 F.3d 1401, 1409 (9th Cir. 1996) ("While Freddie Mac is chartered to pursue federal government objectives, the level of government control over the corporation is much lower…Freddie Mac is not a government agency subject to the Fifth Amendment's Due Process Clause.").

constitute a civil claim "arising under the Constitution, laws, or treaties of the

United States."  28 U.S.C. § 1331.

>    B.    Diversity Jurisdiction

Diversity jurisdiction requires a plaintiff to show that "the amount in

controversy exceeds $75,000, and that diversity of citizenship exists."  28 U.S.C.

§ 1332.  Diversity of citizenship requires "complete diversity such that no plaintiff

is a citizen of the same state as any defendant."  *V&M Star, LP v. Centimark Corp.*,

596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89

(2005)).  Plaintiff's complaint alleges that he resides in Pontiac, Michigan,

Defendant Wells Fargo resides in "De Moines, LA [sic]," Defendant Federal Home

Loan Management Corp. resides in "Plato [sic], Texas," Defendant Frank P. Dec.

Esq. resides in "Clarence, NY," Defendant Mortgage Connect, LP resides in "Moon

Township, PA," and Defendant Jose Gustavo Flores-Carrillo resides in "Waterford,

Mich."  (ECF No. 1, PageID.2-3).  Again, Plaintiff has not alleged complete

diversity, as Defendant Jose Gustavo Flores-Carrillo allegedly resides in the same

state as Plaintiff.  Additionally, Plaintiff has again described Defendants'

"residence," not their citizenship.  Mere claims that a party is a "resident" of a

particular state are insufficient to establish diversity, because "residence and

citizenship [are] wholly different things."  *Prime Rate Premium Fin. Corp., Inc. v.*

*Larson*, 930 F.3d 759, 765 (6th Cir. 2019).  A corporation is a citizen of the state in which it is incorporated and in which "it has its principal place of business," so a complaint must describe both locations.  *Id.* (citing *McGhee v. Hybrid Logistics, Inc.*, 599 F. App'x 259, 259 (6th Cir. 2015)).  An individual is a citizen of the state in which they are domiciled, as defined by "the individual's physical presence within a state and intent to remain indefinitely."  *Blaszczyk v. Darby*, 425 F. Supp. 3d 841, 845 n.1 (E.D. Mich. 2019).

## III.    CONCLUSION

For the reasons stated above, Plaintiff's complaint and response to the court's Order to Show Cause do not establish the existence of either federal question jurisdiction or diversity jurisdiction.  As such, the court lacks subject matter jurisdiction over Plaintiff's claims, and this action is **DISMISSED** without prejudice.  Fed. R. Civ. P. 12(h)(3).  All other currently pending motions (ECF Nos. 7, 9) are **DENIED AS MOOT,** as this is a final order and closes this case.

**SO ORDERED**.

Date: April 15, 2024                          s/ F. Kay Behm
                                              F. Kay Behm
                                              United States District Judge

6