UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS HOLLAND,                           Case No. 23-12058

    Plaintiff,                             F. Kay Behm
v.                                            United States District Judge

WELLS FARGO, *et al.*,

    Defendants.
_____ /

**ORDER DENYING PLAINTIFF'S MOTION
FOR RELIEF FROM JUDGMENT (ECF No. 12)**

**I.    PROCEDURAL HISTORY**

Plaintiff Dennis Holland, proceeding *pro se*, filed a complaint against Defendants Wells Fargo, Federal Home Loan Management Corp., Frank P. Dec., Esq., Mortgage Connect, LP, and Jose Gustavo Flores-Carrillo on August 14. 2023. (ECF No. 1). Plaintiff's claims stem from a dispute over the ownership of a residential property belonging to his late wife. *Id.*, PageID.4. Plaintiff argues that, despite Defendant Wells Fargo sending him a letter acknowledging that he was the representative for his late wife's estate, Defendants Federal Home Loan Management Corp., Frank P. Dec., Esq, and Mortgage Connect "unlawfully prepared and issued a 'Quit Claim Deed' for the Defendant Jose Gustavo Flores-

Carrillo to buy this Plaintiff's Wife SUSAN M. HUTTON private property house at 766 W. Huron St., Pontiac, Mich 48341…" *Id.*  Plaintiff requests both declaratory and injunctive relief, as well as "actual, compensatory, treble, and/or punitive damages…in the sum of $1,000,000." *Id.*, PageID.7.

On August 23, 2023, the court issued an order for Plaintiff to show cause why this court has subject matter jurisdiction over this matter.  (ECF No. 6).  The court specifically noted that Plaintiff's complaint failed to detail how his case raised claims "arising under the Constitution, laws, or treaties of the United States" and failed to establish complete diversity of citizenship among the parties. *Id.*, PageID.26-27.  Plaintiff filed a response on September 6, 2023, within the time allotted.  (ECF No. 8).  On April 15, 2024, the court entered an Order granting Plaintiff's application to proceed *in forma pauperis*, dismissing Plaintiff's complaint without prejudice for lack of jurisdiction, and denying all other pending motions as moot, finding that both Plaintiff's complaint and his response to the Order to show cause failed to sufficiently allege that this court has subject matter jurisdiction over his claims.  (ECF No. 10).  On April 19, 2024, Plaintiff filed the present motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  (ECF No. 12).  For the reasons stated below, Plaintiff's motion is **DENIED.**

**II.	ANALYSIS**

Pursuant to Fed. R. Civ. P. 60, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

>  (1) mistake, inadvertence, surprise, or excusable neglect;
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>  (4) the judgment is void;
>  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The party seeking to invoke Rule 60 bears the burden of establishing that its prerequisites are satisfied.  *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).  A Rule 60 motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim or merely rephrases the allegations included in the original complaint.  *Dillard v. Burt*, No. CIV.A 03-71269-DT, 2010 WL 431755, at *2 (E.D. Mich. Feb. 2, 2010) (citing *Miles v. Straub*, 90 F. App'x 456, 458 (6th Cir. 2004); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004)).

Plaintiff now argues he is entitled to relief from the court's judgment, in part, because: (1) it "[r]esulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal Law, as determined by the Supreme Court of the United States;" (2) it "[r]esulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings;" and (3) that "Lower, Inferior, and Inapplicable Federal Court case law cited by the Honorable US District Court Judge written by law clerks and interns does not overrule nor supersede clearly established US Supreme Court case law [and] this Plaintiff is entitled to full relief as a matter of federal law."  (ECF No. 12, PageID.69-70).  Plaintiff also argues this motion "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," "the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law," and "'Extraordinary Circumstances' exist[] for this Honorable US District Court Judge to correct the numerous clerical mistakes, judicial mistakes, and substantial legal errors arising from oversight or omission in the Final Judgment Order…" *Id.*, PageID.70-71.

4

Plaintiff correctly notes that the pleadings of pro se litigants must be liberally construed and "cannot be held [to the] same standards as those drafted by [an] attorney." *Id.*, PageID.78. However, Plaintiff again fails to provide sufficient information to show that this court has subject matter jurisdiction over his case. The relevant April 15, 2024 Order did not reach the merits of Plaintiff's case, instead finding that "Plaintiff's complaint and response to the court's Order to Show Cause do not establish the existence of either federal question jurisdiction or diversity jurisdiction." (ECF No. 10). Plaintiff's motion now argues "jurisdiction exists under 28 U.S.C. 1332" because "he is well within the statute of limitations to file this Federal Civil Action Complaint under the clearly established Federal Quiet Title Act" and "Diversity Jurisdiction exists within this US District Court since the [] plaintiff's property is valued over $75,000 and the Defendants reside in a different state than this Plaintiff…" (ECF No. 12, PageID.73).

As explained in the April 15, 2024 Order, to sufficiently establish federal question jurisdiction, "[a] complaint must satisfy the 'well-pleaded complaint rule,' which requires a federal question to be 'presented on the face of the plaintiff's properly pleaded complaint.'" (ECF No. 10, PageID.63) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Plaintiff has repeatedly argued that his claims are brought under the "Federal Quiet Title Act, 28 USC

5

2409a." (ECF No. 12, PageID.73). While the Federal Quiet Title Act is a federal statute, it applies only to cases in which the United States is named as a party and expressly claims an interest in the property at issue. 28 U.S.C. § 2409a(a) ("The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights."). The United States is not a party and Plaintiff does not allege that the United States claims any interest in the subject property, so the Federal Quiet Title Act is inapplicable to this case. Plaintiff's complaint does not bring claims under any other federal statutes or raise any other federal issues and, therefore, the court cannot exercise subject matter jurisdiction based on the existence of a federal question.

The April 15, 2024 Order further explained that diversity jurisdiction exists where a plaintiff can show "'the amount in controversy exceeds $75,000, and that diversity of citizenship exists.'" (ECF No. 10, PageID.65). Diversity of citizenship requires "complete diversity," meaning that it is not enough for a plaintiff to show that one defendant, or even most of the defendants, are citizens of a different state. Rather, diversity of citizenship requires "complete diversity such that *no plaintiff* is a citizen of the same state as *any defendant.*" *V&M Star, LP v. Centimark Corp.,* 569 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v.*

6

*Roche,* 546 U.S. 81, 89 (2005)). Plaintiff, a citizen of Pontiac, Michigan, resides in the same state as Defendant Jose Gustavo Flores-Carrillo, a citizen of Waterford, Michigan. (ECF No. 1, PageID.2-3). Plaintiff's current motion argues "the Defendants reside in different State [sic] than this Plaintiff," but later addresses "**native michigan citizen** Co-Defendant JOSE GUSTAVO FLORES-CARRILLO." (ECF No. 12, PageID.76). Because Plaintiff cannot show complete diversity of the parties, the court cannot exercise subject matter jurisdiction based on diversity.

Because this court is a court of limited jurisdiction, the undersigned "ha[s] a duty to consider [] subject matter jurisdiction in regard to every case." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Where, as here, "the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Plaintiff argues the court erred in failing to "engage in a reasoned assessment of each claim…under the standards set forth by the US Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000)." (ECF No. 12, PageID.70). However, the court cannot make a determination on the merits of Plaintiff's claims if it lacks jurisdiction over the case. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim

7

in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).").

Because Plaintiff cannot establish jurisdiction based on the existence of a federal question or diversity of the parties, the case must be dismissed.

### III. CONCLUSION

For the reasons stated above, Plaintiff has failed to show the court's Order was based on a "mistake, misconception, or misunderstanding," contained any "fault in opinion or judgment," or that any of the other factors or circumstances listed in Rule 60 entitle him to relief from the court's judgment. *See Kemp v. United States*, 596 U.S. 528, 534 (2022). As such, Plaintiff's motion is **DENIED**. The court's judgment stands, and Plaintiff's claims are dismissed *without prejudice*. If Plaintiff seeks to litigate these claims he may file another action with this court, but this case remains closed.

**SO ORDERED**.

Date: May 14, 2024
s/F. Kay Behm
F. Kay Behm
United States District Judge